Di Banque. May I proceed? Good morning, Your Honors. May it please the Court, Robert Tulchin for the appellants. If there's one thing that I would like you to take away from my remarks this morning, it's this. We are not talking in this appeal about expanding general jurisdiction to everything Societe Generale might have done. This case is about specific jurisdiction. There were Lebanese-Canadian bank that passed through New York. This issue over the last 14 years of this case has passed through this court and the New York State Court of Appeals and back to this court on the focused issue of whether those specific transactions give rise to jurisdiction for these claimants on matters that have to do with those transactions. As to Lebanese-Canadian? As to Lebanese-Canadian, correct. Now, Lebanese- Canadian, it locked stock and barrel to Societe Generale. Very unusual to see a sale of assets and liabilities. From my experience trying to enforce judgments, they always sell the assets and keep the liabilities in the defunct shell corporation. The problem is sometimes when they do that, that creates a fraudulent conveyance. It can. It can. And it opens another range of issues we'd be arguing about. What are we to make of the fact that they sold assets and liabilities but they remained an entity? I mean, as I understand it, they are still being sued in various actions, so it's not as if they disappeared. So, they're still being sued, but they told the Supreme Court that they're broke. They filed a, that they have nothing. But to the extent that the law has often talked about the one entity replacing the other or being substituted for the reason. Well, I wish I could give you a better answer, but we're here on a jurisdictional issue where the issue was, where there's been no jurisdictional discovery. So, the question is whether we make a- What discovery do you need? Well, Judge Radji asked, what is LCB today? Well, but the point is LCB continues to exist. Only in, only as an entity in dissolution. Did you, did you allege that they were merged? No, to my knowledge- Do you have any reason to believe they were merged? I don't believe they were merged. I believe- And New York law decides this issue, does it not? Yes, but that's a misstatement. New York law says that successor liability does not, you inherit, you may have, you may inherit the tort liabilities, but you don't inherit the jurisdictional presence. So, I have to correct myself. First of all, nice job, but I, I, I misspoke. New York law or federal law governs this. New York law governs this decision, doesn't it? No, New York law- Then why did we certify a Lebanese Canadian bank to the New York Court of Appeals as to whether the bank was present in New York? I think New York law governs. The, the point I'm trying to make is- Well, you, you want to make use of that New York Court of Appeals determination- Yes. That ultimately was adopted by this court. So, I think you're stuck with the fact that New York law decides this issue, too, don't you? Except that when we're talking about personal jurisdiction, we have that federal rule for the number of statesmen. You're talking about successor liability. So, so, and, and you're telling me that the substantive law with regard to the sale of corporations and, and their subsequent liability is a matter of federal law and not state law? The personal jurisdiction is a matter of state law or federal law. When we're dealing with a federal claim- But personal jurisdiction, we cannot, we can't understand until we understand what successor liability is, because that's your premise. Your premise is, excuse me, your premise is, is that you bought the, that, that the bank bought the assets and the liabilities. That's how you understand liabilities. Okay. And we, I have a strong feeling we don't look to federal law to understand that. I think we would look to state law, wouldn't we? Your Honor, I would, I would look to federal law such as the Labuti case, which talks about a successor company, I'm sorry, a- And what did Labuti do? They looked to New Jersey law, didn't they? That's true. Okay, so, so please, you know, we're all prepared. So, Labuti answers your question. It is state law, but not New Jersey law, which is a little bit different from New York. Your Honor, the issue here is when you buy, let's just simplify it, you buy a building, somebody fell on the sidewalk- I wish life were that simple. Okay. But this is New York law, and the question is, under New York law, successor liability, which is different from some of the other jurisdictions, there's only one instance in which the successor liability goes over to the jurisdictional side, and that's where the two become one. Your Honor, when a company, when Societe Generale purchased the liabilities, that means any claims that are pending, any inchoate claims that exist that haven't been brought yet, any claims that are out there that could be filed. That didn't work in the Fourth Department, and it didn't work in the Third, that claim. Well, we have to look at what the Court of Appeals would do. There's no disagreement among the appellate divisions, is there? You don't think there's any disagreement among the appellate divisions? I think that analysis strategy of looking at disagreement among the appellate jurisdictions, I think we're borrowing from petitioning for social rights of the State Supreme Court. From my understanding, this Court has to look at what the New York State Court of Appeals would do. No, no, I understand that, but when the New York Court of Appeals hasn't spoken to it, we do consider the appellate divisions. And I want to be sure that I understand you, that you're saying there's no disagreement among the appellate divisions? You do have to consider the appellate divisions, but you're not bound by them. Didn't the Fourth Department say there's a novel- But explain to me, do you think there's disagreement among the appellate divisions or not? I don't think the appellate divisions have considered this specific issue, where an entity has bought the assets and liabilities. After you buy the assets and liabilities, there's nothing left. There's a defunct shell with no money. Yet, think of the- Well, that goes to recovery. That doesn't go to whether there's an entity to exercise jurisdiction over. I understand the frustration of having an entity that you may not be able to recover against. But that's a question of liability, not jurisdiction. Am I right? That's a question of liability. But under the cases like Labuti and the other cases cited on page 23 of my brief, the jurisdiction usually follows the liability. I thought that the courts were quite clear in saying that jurisdiction and liability were two separate things, that successor jurisdiction and successor liability are two quite different concepts. The cases cited on page 23 of my opening brief say otherwise. They say where one corporation has succeeded to another's liabilities, the predecessor corporation's foreign contacts can be imputed to the successor corporation. Think of the evil that can happen if we don't hold that way. So I want to interrupt for just a second, please, which is, am I right? So you're pursuing a theory of successor liability but not merger? Because merger is an example of a situation where it has been held that the jurisdictional contacts are obtained by the succeeding corporation, right? And I'm asking this question because I noted in the sale documents that we have, they provide that all the seller's assets and liabilities are going to be transferred in accordance with the Lebanese law on facilitating bank merger. So it seems that under Lebanese law, perhaps, these entities were looking to achieve a merger. But you don't pursue that as a claim here, is that right? No, I read it as a, it's a good question. And that's something we might explore in jurisdictional discovery, whether whatever they did in Lebanon constitutes a merger for our purposes. What we have to work with is only the scant bit of the merger transactional documents that were filed on the public docket in another case. Not the entirety of it, which has been kept confidential. But our point is that we are talking about specific transactions that Societe Generale purchased the assets and liabilities with respect to any existing transactions, any existing business. And to, your honor is correct, if it is viewed as a merger, it gets us over that hump. But you haven't been pursuing that theory? I would if I could prove it. I don't know Lebanese law. I don't know what the, I know they use the words sale of assets and liabilities. If that is to be regarded as a merger under Lebanese law, that's actually a very good point. Well it seems that they cited that in the first paragraph, paragraph 2.1 of the document that you did produce regarding the transaction. So it kind of leapt off the page in me and I wondered about that. Yeah. It's a good leap. But the- So with regard to the division of authority or not among the appellate departments where there's been a purchase of or an acquisition of liabilities with assets, I understood that in BRG Corp, the fourth department said that this was a novel and unsettled jurisdictional question. So at least that suggests maybe that the appellate divisions are not all of a single voice? Well, sure. And also the idea that there's only two or three decisions anywhere talking about this specific issue also would suggest that there isn't a chorus- on your question whether liability, the assumption of liability is enough to be a basis for personal jurisdiction. The fourth department in seminence said no. Right? That would be an interesting, might set some kind of a record of trips to Albany in a single case. Yes. All right. Well we've kept you past your time. You have reserved several minutes for rebuttal. Thank you. We'll hear from Mr. Weske. Mr. Weske. Did you see what happened to my mask? I didn't know. My mask has vanished from my ears. Good morning and may it please the court. Excuse me. Brian Leske for SGBL. The district court in this case correctly ruled that SGBL, a foreign asset and liability purchaser, is not subject to jurisdiction in New York based on the jurisdictional contacts of its predecessor, LCB. Let me ask you. I understand why a purchase of assets wouldn't warrant the conclusion that what had effectively been achieved was a merger. But when the purchases of both all assets and all liabilities, what's left in the original company? Well, let me provide a legal answer and then a factual one. The factual one is plaintiffs repeatedly throughout this case have claimed that SGBL bought LCB lock, stock and barrel. That's simply not correct. And the record shows that the transaction between SGBL and LCB involved a cash purchase of $580 million. So the idea that SGBL simply took everything from LCB, leaving it as a defunct shell, is simply not correct. And they've never- Do you not agree that the representation has been made by SBL that it has no nothing? That was what your adversary said had been represented in other court proceedings, that they have nothing. I don't understand the representation that LCB made that plaintiff cites, mainly because LCB is indeed litigating two cases in the Southern District of New York right now. I don't know how they're doing that if they have no assets. But the theory that plaintiffs have proceeded from day one has been that this is an asset in purchase sale. And the reason why that doesn't confer jurisdiction under New York law is the New York cases we've been discussing, and U.S. Bank, which is found at 917, start beginning at page 155. And the principles from U.S. Bank and the New York appellate cases are these. The U.S. Bank made three key findings and observations. And the first one is that the answer to the jurisdictional question turns on the basis for successorship. A company can acquire another company's assets in many ways. And the way it does so has jurisdictional significance. U.S. Bank then found that the reason why successor personal jurisdiction is appropriate is where the entities are one and the same. And in the cases of the merger, the court reasoned that the two entities survive in the merged entities. The courts talk about that a lot in context of either merger or asset purchases. Yes. But why in an assumption of liability shouldn't personal jurisdiction go with the liability that you have voluntarily assumed? Yeah. And this is the, it's an excellent question. This is the third principle that comes forward through the New York cases and U.S. Bank. And that's this. Due process and the jurisdictional analysis requires an individualized analysis of the context that the defendant itself has with the forum. In the case of a merger, the court actually isn't imputing anything at all. The jurisdictional contacts for purposes of international shoe of the predecessor are the contacts of the successor. Liability is an intangible peaceful property unlike a building that you might buy that ties you to some place. It's intangible. You've agreed to, your clients agreed to answer for the liabilities of Lebanese Canadian Bank, LCB, wherever you are found. But LCB might be found someplace else. But the liability of LCB, you've now agreed to assume. Yeah, but that's the key difference, that liability and jurisdiction are two distinct concepts. In the case of a merger, the assets and liabilities are incorporated into the new entity. And it's been held that that is a basis for exercising jurisdiction, right? No, actually the answer is no. That is one of the consequences of a merger. But that is not the reason why you impute jurisdiction. The reason why you impute jurisdiction is because the sole surviving company is actually the predecessor and the successor in line. It's a case of both. It's a case of both. The jurisdictional contacts for purposes of international shoe aren't being imputed at all. They survive in the entity, yes. But doesn't that invite abuse? I mean, as Judge Lagrange has been pointing out, all that you have left are three initials and a shell and no assets. We have, but that's not accurate. We've left $580 million with LCB. When the asset and purchase sale went forward, $580 million went from SGBL to LCB. But is your adversary entitled to jurisdictional discovery here at this point, based on the nature of this very large acquisition and assumption of assets and liabilities, to find out really what the terms of the agreement are? Because if they go one way, it may be that the jurisdictional contacts should be considered to be inherited. And if it goes another way, maybe not. Well, the answer is no for three reasons. Did they ask for that at the district court in response to the motion to dismiss? They raised it in the district court. Did they raise it here? No, they did not. They did not raise it here. So they waived that argument. They waived that argument. Their opening brief does not challenge the jurisdictional ruling. And it's hard to see, as Your Honor pointed out, why that would bring any information to the court. Because they proceeded under the theory, not under a merger theory, they proceeded from day one that this was an asset and liability sale. And that's the way the case has been briefed and developed, and that's what the record shows happened with an all-cash transaction between the two. And, again, it's important to realize that it is the basis of successorship. Someone can be a successor in any number of ways. Being a successor can mean that you get the jurisdictional contacts. A merger, if you assume all the contracts and there's a form selection clause, there's jurisdiction. If there's a de facto merger where there's a continuation of ownership of the predecessor in the successor, it's not a continuation of operations but a continuation of ownership, then you are one in the same again. But there's no allegation that LCB owns anything in SGBL. It was a bidding process where cash went to LCB. Am I right that the liabilities assumed are not specifically to these plaintiffs? In other words, there wasn't a judgment that was obtained by these plaintiffs that your client assumed, right? That's absolutely correct. So that might be different, or we don't have to consider it at least today, on whether if you assumed a particular liability, that that could be viewed perhaps as what the cases talk about as a specific assumption of jurisdiction. Absolutely. So we can put that aside. This case was filed in 2019, almost ten years after the asset and liability sale in Lebanon, after the transaction. So this isn't a case where SGBL came in having this litigation here as part of liability. This is a litigation that came ten years later. And the Supreme Court has made clear in the due process analyses that foreseeability is not a benchmark for the exercise of personal jurisdiction. That the linchpin, the constitutional benchmark, is the minimum context that the defendant itself has with the form, and that's not met. It's New York law that defines what the parameters of successor liability is. Absolutely. This is a state New York law question. And in terms of the certification, this court looks to the intermediate appellate courts. And all three courts that have decided this issue have found, have pointed at an outside that a merger could provide a basis. But there is no merger here. But didn't BRG say this was a novel, yeah. So this is an interesting thing. BRG actually was a merger case. U.S. Bank did not realize it at the time, and we cited this in our memorandum decision. So there actually may be a conflict within the New York courts, not as to an asset and liability purchase. That is clear cut, that the three cases find jurisdiction and liability as distinct. Did all three cases address an asset and liability assumption? I thought some of them addressed just an asset assumption. They said asset. The best case to look for this express argument that Your Honor raised on the assumption of liabilities is the Shining case, which was discussed and cited with approval in U.S. Bank. And that's from 1967. That's a third department case. This actually was a U.S. District Court case from 1967 that U.S. Bank discussed with approval. And word for word, the court found then, going back 50 years, that a mere assumption of liabilities does not provide a basis for jurisdiction, and the entity can only be sued where it is found. And that's a, you know, it starts back then in the Shining case, and it goes all the way to the Bartless case in the Southern District, to Judge Jerry's case here, where the courts have consistently found, and I believe there's even a newer case that is coming out that is in the Southern District, where the courts have found that the touchstone here, the rule that's being set up in New York and otherwise, is are the two entities one and the same? And they are for merger. They are for assuming contracts. They are for a form selection clause. They are for de facto merger. They are for fraud. If there was a fraud perpetrated on the court, they would be. So this principle isn't limited and isn't intended to deprive a plaintiff from seeking a relief or from obtaining jurisdiction. It balances the corporate realities where, you know, a company cannot, and U.S. Bank said this, for merger you don't want to let a company merge, disappear, and have plaintiffs left with nothing. But that's not the case with an asset in purchase, and that's why the basis of successorship is so important. All right. Thank you. Thank you. Mr. Tolchin, you have two minutes for rebuttal. Thank you. I don't think I'll use my whole three minutes. I just want to make two quick points. I brought up the issue of jurisdictional discovery, just not to say that- Did you brief it here to us? I just brought it up to talk about what the standard is, because there was no- No, I'm just- Okay. I brought it up to make the point that absent jurisdictional discovery, the standard is- How can you ascribe that it's error when you don't brief it and say to us that the district court erred because it didn't allow me jurisdictional discovery? That's not the point I was making. I was making the point that absent jurisdictional discovery, we go by the prima facie allegations. The standard is different. Had we had full, robust jurisdictional discovery- Did you allege merger? Did you allege merger in- We alleged a- Purchase of assets and liabilities. Purchase of assets and liabilities, and we attached the document, which has been pointed out this morning, refers to the Lebanese merger law, which I'm not prepared to say what the significance of, but certainly raises a question mark in my mind that I hadn't thought about. But the only other point I wanted to make is that, turning to those New York State Appellate Division cases, I don't think that the- I don't know how to pronounce it- the Seminitz case is really- It really says what the Associate General says it says. As I read it, it says that where the successor is subject to all the liabilities of the acquired companies, the jurisdiction does follow. So I would call that to your attention. All right, thank you very much. Thank you very much. Thank you. Well-reserved decision.